# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MARK V. MURPHY, WELLS FARGO BANK, N.A., *formerly known as Wells Fargo Home Mortgage,* and WISCONSIN DEPARTMENT OF REVENUE,

    Defendants.

Case No. 15-CV-1420-JPS

**ORDER**

    This Court entered an amended default judgment in this action on February 21, 2017 in favor of the United States and against Defendant Mark V. Murphy for unpaid federal income tax liabilities. (Docket #31). The United States was also granted judgment on its lien enforcement claim, permitting a judicial sale of the real property located at 29040 Kramer Drive, Waterford (Racine County), Wisconsin 53185 ("the Property"), legally described as:

> PARCEL 1: Part of the Southeast ¼ of Section 26, T4N, R19E, Town of Waterford, Racine County, State of Wisconsin and described as follows: Commencing at a point 197.68 feet South and 1322.25 feet West of the East ¼ Corner of said Section 26, thence North 85° 07' West 170.96 feet; thence North 03° 37' East 22 feet thence North 29° 27' East 38.26 feet; thence South 77° 36' East 136 feet and thence South 22° 00' East 46 feet to the place of beginning, including all of that part of the water's edge lying between the aforesaid sidelines extended, also known as Lot 28, in the Plat of Waterford Estates Subdivision, an unrecorded plat.

> PARCEL 2: Also, commencing at a point 236.11 feet South 1314.92 feet West of the East ¼ Corner of said Section 26; thence North 88° 44' West 179.94 feet; thence North 03° 37' East 51 feet; thence South 85° 07' East 170.96 feet; thence South 22° 00' East 20 feet; and thence South 00° 32' West 20 feet to the

place of beginning, including all of that part to water's edge lying between the aforesaid sidelines extended, also known as Lot 29 in the Plat of Waterford Estates, an unrecorded plat.

PARCEL 3: Commencing at a point 155.05 feet South and 1339.54 feet West of the East ¼ of said Section 26, thence North 77° 36′ West, 136 feet from the place of beginning; thence South 22° 26 feet from the place of beginning, thence South 22° 00′ East 26 feet to the place of beginning.

Said lands being in the Town of Waterford, County of Racine and State of Wisconsin.

The federal tax liens are enforced against the Property, and the Property will be sold pursuant to further order of the Court. The government has now filed an unopposed motion for an order of sale as to the Property. (Docket #32). The Court, having no independent basis to question the requested relief, will grant that motion. Therefore, in accordance with the amended default judgment,

**IT IS ORDERED** that the United States' unopposed motion for an order of sale (Docket #32) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that the Property shall be sold, pursuant to 26 U.S.C. § 7403(c) and 28 U.S.C. §§ 2001 and 2002, in order to collect the unpaid federal tax liabilities as follows:

1. The Internal Revenue Service ("IRS") Property Appraisal and Liquidation Specialist ("PALS") is authorized to offer for public sale and to sell the Property.

2. The terms and conditions of the sale are set forth below.

    a. The sale of the Property shall be by public auction to the highest bidder, free and clear of all rights, titles, claims, liens, and interests of all parties to this action, including plaintiff United States and defendants

Mark V. Murphy, Wells Fargo Bank, N.A. ("Wells Fargo"), and State of Wisconsin, Wisconsin Department of Revenue ("WDR"), and any successors in interest or transferees of those parties.

  b. The sale of the Property shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Property, and easements, restrictions, and reservations of record, if any.

  c. The sale of the Property shall be held either at the courthouse of the county or city in which the Property is located or on the premises of the Property.

  d. The PALS shall announce the date and time for sale of the Property. The IRS, PALS, and their representatives shall be permitted to enter the Property with prospective buyers in order to allow prospective buyers to inspect the interior and exterior of the Property at such times as the IRS or PALS shall determine are reasonable and convenient.

  e. Notice of the sale of the Property shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Racine County, and, at the discretion of the PALS, by any other notice or advertisement that the PALS deems appropriate. The notice of the sale of the Property shall contain a description of the property and shall contain the material terms and conditions of sale set forth in this order of sale.

  f. The Property shall be offered for sale "as is," with all faults and without any warranties either express or implied, and the sale shall be made without any right of redemption.

  g. The PALS shall set, and may adjust, the minimum bid for the Property. If the minimum bid is not met or exceeded, the PALS may, without

further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and adjust the minimum bid.

    h. At the time of the sale of the Property, the successful bidder(s) shall deposit with the PALS, by money order, certified check, or cashier's check made payable to the Clerk of the United States District Court for the Eastern District of Wisconsin, a deposit in an amount between five (5) and twenty (20) percent of the minimum bid as specified by the PALS in the published notice of sale. The money order or certified or cashier's check shall be deposited with the Clerk of this Court. Before being permitted to bid at the sale of the Property, potential bidders shall display to the PALS proof that they are able to comply with this requirement. No bids will be accepted from any persons who have not presented proof that, if they are the successful bidders, they can make the deposit required by this order of sale.

    i. The successful bidder(s) for the Property shall pay the balance of the purchase price for the property within sixty (60) days following the date of the sale. The money order, certified check, or cashier's check shall be made payable to the Clerk of the United States District Court for the Eastern District of Wisconsin and shall be given to PALS who will deposit the funds with the Clerk of this Court. If the bidder fails to fulfill this requirement, the sale shall be treated as null and void, and the deposit shall be forfeited as damages and applied to cover the expenses of the sale, with any amount remaining to be applied to the judgment for the federal tax liabilities entered in this case. The Clerk shall distribute the deposit for the Property as directed by the PALS by check made payable to the "United States Treasury." The property shall be again offered for sale under the terms and conditions of this order of sale or, in the alternative, sold to the second highest bidder. The

successful bidder(s) at the new sale or second highest bidder(s), as the case may be, shall receive the property free and clear of all rights, titles, claims, liens, and interests of the defaulting bidder(s).

j. The Clerk of the Court is directed to accept the deposit and proceeds of the sale for the Property and deposit them into the Court's registry for distribution as provided for herein or pursuant to further order of this Court.

k. The sale of the Property shall be subject to confirmation by this Court. On confirmation of the sale of the Property, ownership and possession of the Property shall transfer to the successful bidder(s), and all interests in, liens against, and titles and claims to the Property that are held or asserted by the parties to this action are discharged and extinguished.

l. After the confirmation of the sale of the Property, the IRS shall execute and deliver a deed under the authority of this Court conveying the Property, effective as of the date of the confirmation of the sale of the Property, to the successful bidder(s). Also, after this Court confirms the sale of the Property, and on receipt of the deed by the successful bidder(s), the Recording Official of Racine County, Wisconsin shall cause the transfer of the Property to be reflected upon that county's register of title. The successful bidder(s) shall pay, in addition to the amount of the bid, any county or local documentary stamps and registry fees as provided by law.

3. Up until the date that this Court confirms the sale of the Property, defendant Mark V. Murphy shall take all reasonable steps necessary to preserve the respective property (including all buildings, improvements, fixtures and appurtenances on the Property) in its current condition including, without limitation, maintaining a fire and casualty insurance policy on the real property, and defendant Mark V. Murphy and all occupants of the

Property shall neither commit waste against the Property nor cause or permit anyone else to do so. All of the defendants in this case shall neither do anything that tends to reduce the value or marketability of the Property nor cause or permit anyone else to do so. Such defendants shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements, posting signs, or making internet postings) that may directly or indirectly tend to adversely affect the value of the Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so. If the Property is destroyed before its sale and defendant Mark V. Murphy is entitled to insurance proceeds, the insurance proceeds shall be paid into the registry of this Court. Violation of this paragraph shall be deemed a contempt of court and punishable as such.

    4. All persons occupying the Property shall vacate the Property permanently within thirty (30) days of the date of this order of sale, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Property). If any person fails or refuses to vacate the Property by the date specified in this order of sale, the PALS is authorized to coordinate with the United States Marshal to take all actions that are reasonably necessary to have those persons ejected or excluded. The United States Marshals Service is authorized to and directed to take any and all necessary actions, including the use of reasonable force, to enter and remain on the premises, which includes, but is not limited to, the land, the buildings, vehicles, and any structures located thereon, for the purpose of executing this Order. The United States Marshals Service is further authorized and directed to arrest and/or evict from the premises any and all

persons who obstruct, attempt to obstruct, or interfere or attempt to interfere in any way with the execution of this Order.

5. Any personal property remaining on the Property thirty (30) days after the date of this order of sale is deemed forfeited and abandoned, and the PALS is authorized to dispose of it in any manner they see fit, including sale, in which case the proceeds of the sale are to be applied first to the costs and expenses of sale and the balance shall be paid into the Court for further distribution. Money orders and checks for the purchase of the personal property shall be made payable to the Clerk of the United States District Court for the Eastern District of Wisconsin and the Clerk of the Court is directed to accept cash and checks and deposit such items into the Court's registry for distribution pursuant to further order of this Court. This order of sale shall also serve as a Writ of Assistance or Writ of Possession, as appropriate, and no further order from the Court shall be required for these purposes.

6. Up until the date that this Court confirms the sale of the Property, the IRS, PALS, and their representatives are authorized to have free and full access to the Property in order to take any and all actions necessary to preserve the Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the Property.

7. After the Court confirms the sale of the Property, the sale proceeds deposited with the Clerk of this Court should be distributed in the following order of priority:

a. First, to PALS, and payable to the "United States Treasury," for the costs and expenses of the sale, including any costs and expenses

incurred to secure or maintain the property pending sale and confirmation by the Court;

        b. Second, to Wells Fargo for its mortgage lien interest, including reasonable attorney's fees in this action, in accordance with the stipulation filed with this Court (Docket #20); and

        c. Third, all remaining proceeds shall be distributed between the United States and WDR for their tax liens, in accordance with their stipulation filed with this Court (Docket #19).

Dated at Milwaukee, Wisconsin, this 1st day of March, 2017.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge